[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16048
Non-Argument Calendar

_____

Agency No. A78-616-289

MARIA CRISTINA ANGULO-GUZMAN,
JUAN GARCIA-MIRANDA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 8, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Maria Cristina Angulo-Guzman ("Guzman") and her husband, Juan Jose

Garcia Miranda ("Garcia"), petition for review of the denial of their application for asylum and withholding of removal. We deny their petition.

## I. BACKGROUND

Guzman is descended from a family of wealthy ranchers and farmers who live in El Guamo, Colombia. For generations, her family has been involved in the Colombian Liberal Party. Guzman and Garcia met as college students in Bogota where Guzman was a member of the Liberal Party and, during vacations, participated in health and education activities around El Guamo. In 1997, the FARC, a Colombian terrorist organization, attempted to kidnap Guzman's father and later sent him threatening letters. Between March 1999 and July 1999, Guzman received several telephone calls from members of the FARC who threatened to harm her if she did not stop her health and education activities and leave the region. On July 4, 1999, Guzman flew to the United States to join her then-fiancé, Garcia, who was in this country on business.

The FARC continued its campaign against Guzman's family in her absence. The FARC assassinated her father's cousin and his wife, also farmers in El Guamo, in 2002 and 2004 respectively. The FARC forced a cousin of Guzman to flee El Guamo. The FARC also continued to threaten Guzman's father by sending him letters that demanded that he meet with them and pay a "war tax." Guzman's

2

father began managing his business affairs from residences in other parts of the country. Guzman's sister moved to Spain.

In December 27, 2002, the Department of Homeland Security initiated proceedings to deport Guzman and Garcia. Guzman filed an application for asylum and withholding of removal. The IJ considered Guzman's application for asylum timely, but denied it. The IJ also found that Guzman had not proved that it would be more likely than not that she would be persecuted upon returning to Colombia and denied her petition for withholding. The IJ found that Guzman may be able to relocate within Colombia because her political activities had been local. Guzman and Garcia appealed to the BIA and moved to submit additional evidence. The BIA dismissed the motion to allow new evidence and adopted and affirmed the decision of the IJ.

## II. STANDARD OF REVIEW

"We review only the [BIA]'s decision, except to the extent that it expressly adopts the IJ's opinion." Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). We review legal issues de novo, Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001), and "administrative fact findings under the highly deferential substantial evidence test," Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). To reverse

3

a factual finding, we must conclude that the record compels a contrary finding.  Id. at 1027.

### III. DISCUSSION

Guzman and Garcia challenge the denial of their application for asylum and withholding of removal.  Because Guzman and Garcia address the denial of their motion to submit additional evidence only in passing in the summary of their argument, this issue is deemed abandoned.  Sepulveda, 401 F.3d at 1228 n.2 (noting precedent that "passing references to issues are insufficient to raise a claim for appeal, and such issues are deemed abandoned").  The arguments of Guzman and Garcia fail.

The Attorney General has discretion to grant asylum to an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of . . . political opinion . . . ." .'"  INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  A refugee seeking asylum "carries the burden of proving [her] statutory 'refugee' status and thereby establishing asylum eligibility."  Sepulveda, 401 F.3d at 1230 (citing Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001)).  "To establish asylum eligibility based on political opinion, the alien must, with credible evidence, establish (1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground

4

will cause future persecution." Id. at 1230-31. We have held that "'persecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda, 401 F.3d at 1231 (citation omitted) (brackets in original). "Not all exceptional treatment is persecution." Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000). Guzman "must establish that the guerillas persecuted her or will seek to persecute her in the future because of her actual or imputed political opinion." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004) (internal citation omitted) (emphasis in original).

The record does not compel reversal of the conclusions that Guzman failed to establish either past persecution or a well-founded fear of future persecution. Even if the kidnaping attempt and assassinations of Guzman's relatives were sufficient to establish that Guzman had a well-founded fear of being in danger if returned to Colombia, the record does not compel the conclusion that this fear was on account of Guzman's political opinion. Guzman did not establish that the attacks on her family members were on account of either her political opinion or the political opinion of her family, which the FARC is aware that she shares.

Because substantial evidence supports the denial of their application for asylum, Guzman and Garcia are not entitled to withholding of removal. "To qualify for withholding of removal, an alien must have established that it is more

5

likely than not that her life or freedom would be threatened on account of a statutorily protected factor if returned to Colombia." Sepulveda, 401 F.3d at 1243 (citing INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)). "Where an applicant is unable to meet the 'well-founded fear' standard for asylum, [s]he is generally precluded from qualifying for either asylum or withholding of [removal]." Id. (brackets in original) (quoting Al Najjar, 257 F.3d at 1292-93).

## IV. CONCLUSION

Guzman's and Garcia's petitions are **DENIED.**